# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| COREY L. McCALLUM, et al. | § | |
| | § | |
| V. | § | A-07-CA-1000 AWA |
| | § | |
| WELLS FARGO BANK, N.A. | § | |

## ORDER

Before the Court are Plaintiffs' Motion for Reconsideration of Defendant's Motion for Summary Judgment, filed October 9, 2009 (Clerk's Doc. No. 47); and Defendant's Response to Plaintiffs' Motion for Reconsideration of Defendant's Motion for Summary Judgment, filed October 13, 2009 (Clerk's Doc. No. 49). On September 29, 2009, the undersigned issued an Order granting Defendant's motion for summary judgment, and on September 30, 2009, entered judgment that Plaintiffs take nothing on their claims. Plaintiffs now seek reconsideration of the Order granting summary judgment in favor of the Defendant.

Motions to reconsider are analyzed under Federal Rule of Civil Procedure 59(e). *Lee v. State Farm Mut. Auto. Ins. Co.*, 360 F. Supp. 2d 825, 828 (S.D. Miss. 2005). Motions to reconsider serve a narrow purpose: to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence. *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002). Motions for reconsideration should not be used to raise arguments that could, and should, have been made before the entry of judgment or to re-urge matters that have already been advanced by a party. *Texas Instruments, Inc. v. Hyundai Elec. Indus. Co. Ltd.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999). A district court possesses considerable discretion in deciding a motion for reconsideration. *Lupo v. Wyeth-Ayerst Labs.*, 4 F. Supp. 2d 642, 645 (E.D. Tex. 1997).

Plaintiffs' motion does not present any compelling argument to revisit the issues determined by the Court in its previous order. And although Plaintiffs submit additional evidence with their motion, they fail to demonstrate why that evidence was not submitted with their original response to the summary judgment motion, or, more to the point, that it is "newly discovered" evidence. They state that, "[a]s discussed in McCallum [sic] accompanying memorandum, a good reason exists for McCallum's inability to include these documents with his other papers filed in response to the motion for summary judgment." However, the McCallums never filed the accompanying memorandum, despite a call from the Court's staff on October 13, 2009, alerting counsel of the lack of the memorandum. It is now November 2, 2009, and nothing has been filed.

The supplemental documents submitted are three checks. The first is dated January 29, 2003, from the account of Marcia McCallum to Prime Lending for $21.00; the second is dated January 29, 2003, from the account of Stratus Roofing (signed for by Marcia McCallum) to Bill Nutt in the amount of $350, with a memo of "appraisal;" and the last is dated April 8, 2003, also from the Stratus Roofing account (with a signature appearing to be Corey McCallum's) to B&G Surveying for $405.94. Presumably, the McCallums contend that these checks represent amounts they paid "outside of closing" (as discussed in the Court's Order dated September 29, 2009, granting the motion for summary judgment, at p. 5), which would bring the total of the fees they paid for the loan above 3% of the loan proceeds.

There are several problems with this argument. First, the McCallums fail to offer any evidence that the amounts reflected in these checks had anything to do with the home equity loan

at issue in this case, or that the McCallums were required to pay these amounts for the loan.[1] And even assuming all of the fees were related to the loan, the McCallums have wholly failed to explain why this evidence was not timely presented in their response to the summary judgment motion. As noted in the Court's original order, this case has been pending for several years, and the Plaintiffs are the parties who initiated this suit. As Plaintiffs, it was incumbent on them from the beginning to have the evidence necessary to prove their case. When they failed to submit such evidence in response to a summary judgment motion, even when additional time was provided, it was difficult to consider the argument that the Court should withhold ruling, and thus the Court rejected that request. But when they once again fail to submit their papers timely (*i.e.* the memorandum in support of the motion to reconsider), the Court certainly cannot permit the record to be reopened. This case is more than two years old, and was to have gone to trial in October. It is too late for the Plaintiffs to still be gathering records essential to their case.

Accordingly, Plaintiffs' Motion for Reconsideration of Defendant's Motion for Summary Judgment (Clerk's Doc. No. 47) is HEREBY DENIED.

SIGNED this 2nd day of November, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1] Notably, the settlement statement does reference two fees that match up with the checks: $21 paid to Prime Lending for a credit report, and $350 to Prime Lending for an appraisal. Both amounts are marked "poc," presumably a reference to having been "paid outside of closing." *See* attachment to Exhibit A to Plaintiffs' Response to Motion for Summary Judgment (Clerk's Doc. No. 40), at lines 803 and 804. There is, however, no mention of an appraisal or appraisal fee. Even including the two amounts reflected in the settlement statement, the fees total $3,057.10, still less than the $3,150.00 ceiling permitted by Texas law.