# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **COREY L. McCALLUM, et al.** | § | |
| | § | |
| **V.** | § | **A-07-CA-1000 AWA** |
| | § | |
| **WELLS FARGO BANK, N.A.** | § | |

## ORDER

Before the Court is Plaintiffs' Second Motion for Reconsideration of Defendant's Motion for Summary Judgment, filed November 13, 2009 (Clerk's Doc. No. 51). On September 29, 2009, the undersigned issued an Order granting Defendant's motion for summary judgment, and on September 30, 2009, entered judgment that Plaintiffs take nothing on their claims. Plaintiffs sought reconsideration of the Order granting summary judgment in favor of the Defendant, which the Court denied on November 2, 2009. Undeterred, Plaintiffs once again seek reconsideration of that Order.

## DISCUSSION

In this motion, Plaintiffs contend that the Court did not address one of their arguments for reconsideration, which they originally raised in their response to the motion for summary judgment. That argument contended that Defendant had failed to carry its initial burden to affirmatively demonstrate its entitlement to summary judgment, and thus that the Plaintiffs had no burden to produce any evidence or demonstrate any fact question in order to avoid summary judgment. Plaintiffs argue that Wells Fargo failed to produce evidence that conclusively disproves a key element necessary to Plaintiffs' claims, and therefore summary judgment should be denied regardless of the failings of their response.

The Court did address this issue in the prior orders, as it applied the proper burden shifting analysis in those orders. Moreover, the Court disagrees with the Plaintiffs' characterization of the

summary judgment law. If a dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by showing that the evidence in the record contains insufficient proof of that element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Here, the Defendant pointed out that there was insufficient evidence that the Plaintiffs had been charged fees in excess of three percent of the loan. This placed the burden on the Plaintiffs to identify specific facts establishing a triable issue on this point. Plaintiffs failed to do so; instead, they asserted that, if given time, they would locate additional evidence that would create a fact issue on their claims. The Court noted that Plaintiffs had already been given an additional 17 days to file their response, and yet they still did not submit any evidence that shows what additional amounts, if any, were paid outside of closing that could bring the total fees over three percent. Accordingly, summary judgment was granted in favor of the Defendant. In their first motion for reconsideration, Plaintiffs submitted additional evidence, without authentication and without explanation as to why it had not been submitted earlier, that still failed to show they were entitled to relief.[1]

---

[1]Indeed, the motion for reconsideration stated that the explanation of the relevance and timeliness of the documents was contained in an attached memorandum. As noted in the Court's prior order, no such memorandum was ever filed. This pattern has continued, as the second motion for reconsideration likewise refers to a non-existent memorandum. *See* Clerk's Doc. No. 51 at ¶ 3.

In short, once again Plaintiffs have failed to present any compelling argument to revisit the issues already determined by the Court. Motions for reconsideration serve a limited purpose, and are not to be used merely to "give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977). If counsel is unhappy with the Court's determination, he may seek the cleansing waters of the court of appeals. But this Court has ruled and counsel shall not file additional motions for reconsideration, lest the Court be forced to consider sanctions for "filing motions which are not supported by applicable procedural provisions and in particular from attempting to re-litigate motions which have already been decided." *See Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 627 (S.D. Miss. 1990).

## CONCLUSION

IT IS ORDERED that Plaintiffs' Second Motion for Reconsideration of Defendant's Motion for Summary Judgment (Clerk's Doc. No. 51) is DENIED.

SIGNED this 19th day of November, 2009.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE